Connie Diane NORTON *v.* Wallace NORTON

CA 79-10                                     595 S.W. 2d 709
Court of Appeals of Arkansas
Opinion delivered March 12, 1980
Released for publication April 2, 1980

*McAllister, Wade, Burke & Eldridge, P.A.,* by: *John R. Eldridge, III.,* for appellant.

*Boyce R. Davis,* for appellee.

ERNIE E. WRIGHT, Chief Judge. The appellant was granted a divorce from appellee on October 6, 1977. The decree incorporated by reference a property settlement and child custody agreement. The agreement provided appellant would have custody of the minor child, Carey Glenn Norton, with the appellee to have reasonable visitation rights including summer visitation. The appellee was required to pay monthly child support, except while the child should be in the primary care of appellee during two and one-half months in the summer.

In January, 1979, appellee filed a petition in the divorce proceeding to restrain appellant from changing the name of the minor son to "Carey Brian Magers". Appellant has remarried and her new surname is Magers. The appellant filed a response to the petition in effect alleging the name change was in the best interest of the minor child.

The evidence showed the appellant had enrolled the minor child in school with the above indicated name change after her remarriage, that appellee had exercised his visitation rights with the child and had paid child support as provided by the agreement and decree. Appellant gave as her reason that she felt for her to come to his school room as mother of the child with the name of "Magers" and the child's name "Norton" would cause problems for the child.

The court found the appellee had shown a paternal interest and concern for the child, and that appellant had failed to show sufficient reason for attempting informally to change the child's name. She was enjoined from changing the child's name either informally or by court proceeding.

Appellant contends the court erred in failing to apply the "best interest of the child" test with respect to the name change and in enjoining the name change.

We hold no error is demonstrated. There was no substantial evidence that changing the child's name would be beneficial to the child. In Clinton v. Morrow, 220 Ark. 377, 247 S.W. 2d 1015 (1952), it was held that when the natural father desires to have his children bear his name, the discretion of

the court to grant a name change of minor children should not be exercised unless it is for the best interests of the children. In the *Clinton* case the court upheld an order granting the name change, but there were a number of facts in evidence from which the chancellor found the charge was in the best interest of the children. In the present case no substantial facts were presented in evidence to warrant changingthe child's name.

Appellant contends the court order went too far in enjoining appellant from seeking a name change in court pursuant to Ark. Stat. Ann. § 43-801 (Repl. 1977).

When the chancery court has awarded custody of a minor child, as in the present case, the child is a ward of the court, and it is the duty of the court to make such orders as are appropriate to safeguard the interests of the child *Kirk* v. *Jones,* 178 Ark. 583, 12 S.W. 2d 29 879 (1928).

We are unable to conclude the restraining order prohibiting appellant from changing the name of the child or seeking a change of the name of the child by court proceeding is contrary to the best interest of the child. However, the court in remarks from the bench made it clear the appellant has the right in the future to come before the trial court and show sufficient grounds for changing the child's name.

The appeal also seeks reversal of the part of the court order which found appellant was absolved of responsibility to deliver to appellee a certain refrigerator and appellee was absolved of responsibility to deliver to appellant a certain color TV set. Ownership of these items had been settled in the property settlement agreement, but possession had not been exchanged.

After the divorce and pursuant to a hearing involving *inter alia* compliance with the property settlement agreement, the court on November 17, 1978, ordered appellee within thirty days through his attorney, to make arrangements for the return to appellant of certain items of personal property described in her counterclaim to appellee's petition for modification of decree of divorce.

Pursuant to the court order counsel for appellee wrote counsel for appellant a proposal for exchange and settlement of the few items of property that had not been exchanged by the parties. There is no indication in the record there was any response to this letter. At the hearing culminating in the order from which this appeal stems the appellant gave no testimony concerning the personal property. The appellee testified the remaining property division dispute centered around the refrigerator that does not work which appellant has not delivered to him and a color TV set that does not work which he has not delivered to appellant. Appellee testified he considered them about equal in value. The court found the two items to be equal in value in making the order relieving each party of further responsibility on the exchange of personal property.

We conclude from the failure of appellant to testify with reference to the personal property items and the testimony of appellee that the inoperative refrigerator and inoperative TV set are of trifling value that the maximum "de minimis non curat lex" applies. 5 Am. Jur. 2d 231. We will not reverse the trial court on a matter too small in value to justify reopening the case.

We affirm the order, but with instructions that the order is not to be construed as restraining appellant in the future from filing appropriate petition in the trial court seeking to change the name of the child.